# N. Y. SUPERIOR COURT.

## ELIZABETH BAKER agt. THE UNION LIFE INSURANCE COMPANY.

Where *notes* are given for a premium on a *life policy of insurance*, which are accepted and received by the company, and are *receipted on the policy as so much cash* ; in an action against the company by the widow of the husband who was insured for the benefit of his wife, the company is *estopped* from denying the payment of the premium in cash, where there is no evidence that the widow had any knowledge that her husband gave notes instead of cash.

And this result is not changed by evidence produced on behalf of the company that one of the notes had not been paid at maturity by the husband, previous to· his death ; and the production of a printed memorandum, placed on the margin of the policy which says, that·if any promissory notes given under said policy are not paid at maturity, the policy shall become void.

The *receipt* of the company is a receipt for *cash*, to the wife'who is benefited by the policy, and must be construed as a part of the agreement.

*General Term, March*, 1868.

THIS is an action to recover the sum of ten thousand dollar, being the amount of a policy on the life of the husband of the plaintiff.

The facts are stated in the opinion.

Mr. MOORE, *for·plaintiff*.
Mr. JERNEGAN, *for defendants*.

*By the court,* McCUNN, J. In December, 1864, Mr. Baker, the husband of plaintiff, insured his life for and on account of his wife in the company of the defendants, for ten thousand dollars, and gave his notes for the premium, which notes were accepted and received by the company, and were receipted on the policy as so much cash. The policy was then taken by Baker and given to his wife, and there was no evidence before the court, that she had any knowledge that her husband had given his notes for the premium on the policy, instead of cash. One of the notes became due

and was not paid at maturity, and Baker promised repeatedly to take up the same, the company indulging him as to time. Baker finally died before the note was paid, and the plaintiff, his wife, brings suit on the policy. The defendants answer and say, that by reason of a certain printed memorandum (they call it an agreement), placed on the margin of the policy wherein it says, that if any promissory notes given under said policy are not paid at maturity, the policy shall become void—that they are not bound in law to pay, but on the contrary are released from all their obligations in that respect.

After a careful view of the law, looking at all the facts as they stand in the case, we are clearly of opinion that the plaintiff is entitled to recover. We hold that where the wife's interest in her husband's life is insured, and the husband's notes are received and receipted as cash to the wife or the person to be benefited by the policy, it is a receipt in payment as cash, and the receipt is a part of the agreement. This is the rule laid down in the case of *Goit agt. National Protection Insurance Co.* (25 *Barb.*, 190), and in that case the facts are not near so clear and strong in favor of defendants as they are in the case under consideration. In this case the wife for whom the policy was effected did not know but that her husband had paid the cash for her premiums ; they were receipted as cash on her policy by the company ; and, for aught we can tell, if she had known the money had not been paid she might have advanced the premiums herself. But even if the plaintiff had given the notes herself, or was cognizant of the fact that they were given instead of money for the premium, the policy under such a clause is not void because of the nonpayment of the note, but voidable only at the election of the company. Instead, however, of electing to avoid the policy, the company assented to the delay in payment, and were expecting from day to day the proceeds of the note from Baker, the the husband, and they held the other notes not yet due or

earned, and up to his death had taken no step indicating an intent to forfeit the policy; and as there is no dispute that payment of the notes at maturity was waived, and as no agreement was thereafter made with plaintiff to change her rights, the company was and is liable to her, and can only look to the collection of Baker's notes. Nay, more, I shall hold that a knowledge on the part of the company of the nonpayment of the note is a notice of the breach, and any extension of the time thereunder was a full waiver of the forfeiture.

There is another view of the case which must, to my mind conclude the defendants. I mean the view that they are estopped from denying the payment of the premium in cash by their town acts in giving the receipt for cash. The rule of law is clear that where one, by his own words or conduct, causes another to believe the existence of a certain state of things, and induces him or her to act on that belief, the party so doing is concluded from averring or proving a different state of things as existing at the time he made such representations. In legal parlance, this is termed estoppel. This was the rule held in the Queen's Bench in the case of *Packard* agt. *Sears*, (6 *Adol. and El.* 469); so also in the case of *Freeman* agt. *Coot* (2 *Exch. R.*, 654).

Baron PARK holds " that where a party gives a receipt or writing, and knows at the time he is giving it, that the same is untrue (as in this case), he gives it with the understanding that it will be acted upon and used against him as if it were true. If in this case the company did not intend that these notes should be received as cash on account of the premiums of this woman's policy, why did they not say so in their receipt? It would certainly have been as easy for them to say notes as to say cash. But they intended the notes to be received as cash, they were received as such, and they must be strictly held to that construction. Indeed, there never was a case wherein the doctrine of estoppel can so completely apply as in this case. Estoppel, as applied

in such a case as this, is not made applicable upon the ground of wilful misrepresentation or fraud in making the admission or declaration, but upon the ground that it will be a fraud to show that it is untrue, to the prejudice of a third party and of one who has acted upon the faith of the statement. In this case the plaintiff saw the receipt upon her policy, and saw that the language of that receipt said the premium was received in cash, and she acted upon that statement, and we cannot allow this company, after the death of her husband, to take advantage of their own misstatements in that receipt. For all we know, as I have said before, this very receipt may have prevented her from paying the notes, and it would operate as a fraud to permit its denial, and this is the very essence of estoppel.

The rule would be the same if a creditor, interested in the life of his debtor, was insured, and the insurance perfected by the debtor, and the premium received by the company was in the notes of the debtor; but thus receipted in cash, could the company dispute it? By no means. Then the rule should be just as strictly applied in this case.

Judgment affirmed with costs.